UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EUGENE LAMAR HAMILTON,

        Plaintiff,

  vs.

L. SANCHEZ,

        Defendant.
                         /

No. C 13-3410 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Plaintiff, a former state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His original complaint was dismissed with leave to amend and he has filed an amended complaint.

## DISCUSSION

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that the sole defendant in this case retaliated against him for his filing of a legal action.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline) .

A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; see *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library).

It is difficult to understand the exact allegations of plaintiff's action regarding events that occurred at Salinas Valley State Prison. In October 2011, plaintiff was issued a Rules Violation Report (RVR) for possession of a weapon by two correctional officers and he lost custody credits as a result. That RVR was later dismissed by prison officials and plaintiff is proceeding with a legal action against the two correctional officers in another case in this court. *See Hamilton v. Rodriguez*, No. C 12-4697 PJH (PR).

In this case, plaintiff states that defendant Sanchez denied plaintiff his custody credits that should have been returned and then told other prisoners that plaintiff was a child molester in retaliation for filing the other action in this court. Other than a conlcusory statement, plaintiff provides no allegations to support his claim of retaliation nor does there appear to be any harm. Plaintiff appealed after he was not returned his custody credits and he states that a non-defendant Captain Walker ordered all of his credits to be restored. Am. Compl. at 5. Nor is there is any indication that plaintiff was ever harmed from the allegation that defendant told other prisoners that plaintiff was a child molester. Plaintiff also discusses a RVR he received at another prison in Los Angeles in 2007 that resulted in the loss of custody credits, but it is not clear how that involves the allegations against the defendant at Salinas Valley State Prison. Plaintiff also appealed that incident and was provided additional custody credits to expedite his release. Am. Compl. at 5. Plaintiff was paroled in September 2013.

Despite being informed in the court's initial review that he must provide more support for his allegations, plaintiff's bare allegations are still insufficient to state a retaliation claim under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Iqbal*, 556 U.S., at 678.  To the extent there could be a due process violation regarding plaintiff not being provided his custody credits it seems they were returned and he provides no connection to this defendant regarding lost custody credits from a prison in Los Angeles that were also later returned.[1]  Plaintiff will be provided one final opportunity to amend to better present his claims.  No further amendments will be allowed.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed no later than **December 16, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: November 15, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hamilton3410.dwlta2.wpd

---

[1] Nor has plaintiff sufficiently demonstrated in this complaint that defendant or other prison officials incorrectly determined his release date in violation of the Eighth Amendment or due process.  Nor does plaintiff state that he requested a hearing pursuant to *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985), regarding his release date.  To the extent he did request relief regarding his custody credits, it seems prison officials complied in a timely manner.

4