UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EUGENE LAMAR HAMILTON,

        Plaintiff,

  vs.

L. SANCHEZ,

        Defendant.
_____/

No. C 13-3410 PJH (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Plaintiff, a former state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His amended complaint was dismissed with leave to amend. Plaintiff has not filed a second amended complaint but instead filed a motion for reconsideration regarding the dismissal with leave to amend. Docket No. 9.

    In this action plaintiff alleges that the sole defendant retaliated against him for his filing of a legal action. It is difficult to understand the exact allegations of plaintiff's action regarding events that occurred at Salinas Valley State Prison. In October 2011, plaintiff was issued a Rules Violation Report (RVR) for possession of a weapon by two correctional officers and he lost custody credits as a result. That RVR was later dismissed by prison officials and plaintiff is proceeding with a legal action against the two correctional officers in another case in this court on claims of excessive force and retaliation. *See Hamilton v. Rodriguez*, No. C 12-4697 PJH (PR).

    In this case, plaintiff states that defendant Sanchez denied plaintiff his custody credits that should have been returned and then told other prisoners that plaintiff was a child molester in retaliation for filing the other action in this court. Other than a conlcusory statement, plaintiff provides no allegations to support his claim of retaliation nor does there appear to be any harm. Plaintiff appealed after he was not returned his custody credits and

he states that a non-defendant Captain Walker ordered all of his credits to be restored. Am. Compl. at 5.  Nor is there is any indication that plaintiff was ever harmed from the allegation that defendant told other prisoners that plaintiff was a child molester.  Plaintiff also discusses a RVR he received at another prison in Los Angeles in 2007 that resulted in the loss of custody credits, but it is not clear how that involves the allegations against the defendant at Salinas Valley State Prison.  Plaintiff also appealed that incident and was provided additional custody credits to expedite his release.  Am. Compl. at 5.  Plaintiff was paroled in September 2013.

In the prior screening orders plaintiff was informed that he must provide more support for his allegations, as his bare allegations were insufficient to state a retaliation claim under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678.  To the extent there could be a due process violation regarding plaintiff not being provided his custody credits it seems they were returned and he provides no connection to this defendant regarding lost custody credits from a prison in Los Angeles that were also later returned.[1]

With respect to the defendant telling other prisoners that plaintiff was a child molester, plaintiff only states that the defendant disseminated this information to other prisoners and he was a target.  In his motion for reconsideration, plaintiff provides no additional information.  While spreading this information is quite sufficient to serve as the basis for a retaliation claim, plaintiff has again failed to support his claim with well-pleaded factual allegations describing how the defendant allegedly accomplished this act and that it was due to his filing the previous legal action.

---

[1] Nor has plaintiff sufficiently demonstrated in this complaint that defendant or other prison officials incorrectly determined his release date in violation of the Eighth Amendment or due process.  Nor does plaintiff state that he requested a hearing pursuant to *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985), regarding his release date.  To the extent he did request relief regarding his custody credits, it seems prison officials complied in a timely manner.

**CONCLUSION**

1. Plaintiff's motion for reconsideration (Docket No. 9) is **DENIED**.

2. Plaintiff must file a second amended complaint no later than **February 7, 2014**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 13, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hamilton3410.ord.wpd